# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOLANDA G.,[1]<br><br>    Plaintiff,<br><br>    v.<br><br>LELAND DUDEK,<br>Acting Commissioner of Social Security,[2]<br><br>    Defendant. | Civil Action No. 24-7779 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge:

This matter comes before the Court on appeal by Plaintiff Yolanda Gaskins ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that Plaintiff was not disabled under the Social Security Act (the "Act"), 42 U.S.C. § 1381, *et seq.* This Court exercises jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, the Court **AFFIRMS** the Commissioner's decision.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Leland Dudek, the current Acting Commissioner of Social Security, is substituted as Defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

I. **BACKGROUND AND PROCEDURAL HISTORY**[3]

A. **Plaintiff's Application**

Plaintiff filed an application for supplemental security income ("SSI") on May 10, 2019, alleging disability beginning July 1, 2017, due to due to post-traumatic stress disorder ("PTSD"), depression, and left shoulder and left knee problems, among other conditions. (R. 12, 220).[4] Following the denial of her claim at all administrative levels, including by an Administrative Law Judge ("ALJ") decision issued on May 17, 2021. (*Id.* at 1-6, 9-29, 126-30, 134-36, 2064-90), Plaintiff appealed to this Court and the case was "remanded for clarification of the [ALJ]'s findings as to the determination of the percentage of the workday that the claimant would be off task as it relates to Plaintiff's residual functional capacity." (*Id.* at 2091). This Court also ordered "[t]he clarification should address the 10% threshold referenced by the vocational expert ("VE") and whether the questions that the ALJ posed to the VE at ECF No. 5-2, PP 51 – 53 factored into the off[-]task determinations." (*Id.* at n.2).

Thereafter, on April 11, 2023, the Social Security Administration's Appeals Council vacated the final decision of the Commissioner and remanded the case to an ALJ for further proceedings consistent with this Court's order. (*Id.* at 2114-18). On remand, the case was transferred to a different ALJ, who held a hearing in February 2024. (*Id.* at 2016-63). On March 18, 2024, the ALJ found that Plaintiff was not disabled and denied Plaintiff's application. (*Id.* at 1996-2009).[5]

B. **The ALJ's Five-Step Sequential Evaluation Process**

To qualify for disability insurance benefits, a claimant must show that she is disabled

---

[3] The Court adopts the Statement of the Case and Statement of Facts as set out in the Commissioner's brief, ECF No. 14 at pages 4 through 6, which in turn cites to the Record provided by the Commissioner, ECF 8-2.
[4] "R." denotes the administrative record. (ECF No. 8).
[5] *See* n.3, *supra*.

within the meaning of the Act. 42 U.S.C. § 423(a)(1)(E). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001). The individual's physical or mental impairment, furthermore, must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). "'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.*

The Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled. Here, that is not at issue; the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 10, 2019, the application date. (R. 1998).

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not

disabled. Otherwise, the ALJ proceeds to step three. Here, the ALJ found the following severe impairments: PTSD, bipolar disorder, disorder of the left shoulder, disorder of the left knee, hypertension, and obesity. (R. 1998-99).

At step three, the ALJ decides whether the plaintiff's impairments meet or equal the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, the plaintiff is presumed to be disabled if the impairment(s) has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1509. Otherwise, the ALJ proceeds to step four. Here, the ALJ found that Plaintiff did not, for any of the conditions in step two, have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 1999-2000).

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step. Here, the ALJ determined Plaintiff's RFC as follows:

> [T]he [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she can only occasionally overhead reach with her upper extremity; she cannot climb ladders, ropes, or scaffolds, and can perform other postural functions occasionally; she must avoid unprotected heights and dangerous machinery; she can understand, remember and carry out simple instructions; she can have only incidental interaction with the general public, and occasional interaction with supervisors and co-workers; she can deal with changes to essential job functions on an occasional basis; and she must be able to be off task 4 minutes per 45 minutes.

(R. 2001-07).

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do

so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. Here, the ALJ determined that Plaintiff had no past relevant work but could perform other occupations in significant numbers in the national economy, specifically: lens inserter, address clerk, and document specialist. (R. 2007-08).

Accordingly, the ALJ found Plaintiff was not disabled from May 10, 2019, her application filing date, through March 18, 2024, the date of the ALJ's decision. (*Id.* at 2009).

On July 15, 2024, Plaintiff filed this appeal. (ECF No. 1). On October 18, 2024, Plaintiff filed her brief in support of her appeal. (ECF No. 11) ("Br."). The Commissioner opposed the motion, (ECF No. 14) ("Opp'n"), to which Plaintiff replied. (ECF No. 15) ("Reply"). This matter is now ripe for consideration.

## II.  LEGAL STANDARD

This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health and Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Supreme Court reaffirmed this in *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. *See Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir. 1981).

## III.  DISCUSSION

On appeal, Plaintiff argues the Commissioner failed to adhere to this Court's remand

instructions when it denied Plaintiff's disability claim and relitigated issues already affirmed by this Court. (Br. at 13-20).[6] Second, Plaintiff contends this matter should be remanded solely to calculate benefits. (*Id.* at 20-24). Next, Plaintiff contends the matter should be remanded because the ALJ improperly evaluated the opinions of Dr. Jorge Pena and Dr. Steven Reed. (*Id.* at 24-29). Finally, Plaintiff argues this matter should be remanded because the ALJ failed to properly evaluate Plaintiff's asthma and anxiety when addressing steps two through five of the sequential evaluation. (Br. at 29-31). The Court considers each argument, in turn.

### A. The Law of Case Doctrine Does Not Apply Because the ALJ was Not Bound by the Previous ALJ's Decision.

Plaintiff argues that the "law of the case" doctrine applies, and that the ALJ should have found her disabled and entitled to benefits given the VE's unambiguous testimony that a person who was off-task for five minutes every 45 minutes would be unemployable. (Br. at 8-15). Plaintiff contends that this Court's remand order implicitly affirmed the RFC finding from the prior ALJ decision, and thereby prohibited the ALJ from reassessing the RFC on remand. (*Id.*) In opposition, the Commissioner argues the law of the case doctrine does not apply here because the earlier ALJ decision was vacated by the Appeals Council. (Opp'n at 10-16). The Court agrees.

Under the law of the case doctrine, "'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" *Anderson v. C.I.R.*, 698 F.3d 160, 166-67 (3d Cir. 2012) (quoting *Arizonia v. Cal.*, 460 U.S. 605, 618 (1983)). The doctrine does not restrict a court's authority to revisit settled legal issues but rather governs the exercise of its discretion to do so. *Public Int. Rsch. Grp. of N.J., Inc. v. Magnesium Elektron*, 123 F.3d 111, 116 (3d Cir. 1997). As the Supreme Court has explained, "[a] court has the power

---

[6] For sake of clarity, when citing the parties' briefs and supporting documents, the Court cites to the page number listed in the ECF header. If there is no page number listed in the ECF header, the Court cites to the page number listed in the respective document.

to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule, courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting *Arizona*, 460 U.S. at 618 n.8). Other such circumstances may include new evidence or a supervening change in the law. *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009).

It is well-settled that a vacated decision does not give rise to application of the law of the case doctrine. *Johnson v. Bd. of Educ. of Chi.*, 457 U.S. 52, 53-54 ("Because we have vacated the Court of Appeals' judgments in this case, the doctrine of the law of the case does not constrain either the District Court or, should an appeal subsequently be taken, the Court of Appeals."); *De Nafo v. Finch*, 436 F.2d 737, 740 (3d Cir. 1971) (finding that the argument that the law of the case doctrine applied "ha[d] no merit since the court below vacated its original judgment"); *Leader v. Apex Hosiery Co.*, 108 F.2d 71, 81 (3d Cir. 1939) (stating a vacated order "is no longer . . . law of the case"). For an earlier decision, including one by an ALJ in the Social Security context, to serve as the law of the case, it "'must be extant.'" *Alicea v. Comm'r of Soc. Sec.*, 855 F. App'x 494, 496 (11th Cir. 2021) (quoting *Zuniga v. Comm'r. of Soc. Sec.*, 772 F. App'x 870, 871 (11th Cir. 2019)). However, "a vacated ruling is 'officially gone,' has 'no legal effect whatever,' '[is] void,' and '[n]one of the statements made [therein] has any remaining force.'" *Id.* (quoting *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002)); *see also In re Smith*, 165 F. App'x 961, 967 (3d Cir. 2006) (noting "the slate was wiped clean" by the vacating of the underlying decision, such that "[t]he law-of-the-case doctrine was not in play").

The prior ALJ decision, issued on May 20, 2021, was remanded by this Court for "clarification of the Administrative Law Judge's findings as to the determination of the percentage

7

of the workday that the claimant would be off task as it relates to Plaintiff's residual functional capacity." (R. 2091). This Court's remand order explained in a footnote that "[t]he clarification should address the 10% threshold referenced by the vocational expert ("VE") and whether the questions that the ALJ posed to the VE [at the first hearing] factored into the off[-]task determination." (*Id.* at n.2). After this Court remanded the case for further administrative proceedings (*id.* at 2091), the Appeals Council remanded the case to a different ALJ (R. 2114-18), and specifically vacated the prior ALJ decision. (*Id.* at 2116). The Appeals Council instructed that Plaintiff's case would be remanded to an ALJ, who would conduct a *de novo* review of Plaintiff's case on remand. (*Id.*)

In the subsequent hearing, the ALJ considered Plaintiff's case *de novo*. (*Id.* at 2021). The ALJ obtained the VE testimony about how various times-off-task would affect the 10% threshold for employability and additional medical evidence and VE testimony. (*See generally id.* at 2019-63). During the remand hearing, the VE explained how time-off-task at three minutes, four minutes, and five minutes every 45 minutes, respectively, impacted employability (*Id.* at 2053-54).

The ALJ found the prior administrative medical findings issued by the state agency psychological consultants were "somewhat persuasive." (*Id.* at 2006-07). Those experts found Plaintiff had adequate ability to "concentrate and maintain pace sufficient to carry out simple and some complex tasks." (*Id.*) The ALJ included greater RFC limitations, which showed a degree of deference to Plaintiff's subjective testimony. (*Id.*) Consequently, the ALJ found Plaintiff had the RFC to perform a narrow range of sedentary work that would allow her "to be off task 4 minutes per 45 minutes." (*Id.* at 2001).

Here, the ALJ clarified the time-off-task limitation in the RFC finding and concluded that

8

Plaintiff "must be able to be off task 4 minutes per 45 minutes." (R. 2001). This was consistent with this Court's remand order requesting "clarification of the Administrative Law Judge's findings as to the determination of the percentage of the workday that the claimant would be off task as it relates to Plaintiff's residual functional capacity." (*Id.* at 2091). The remand order did not "explicitly or by necessary implication" bar the re-litigation of any of the relevant issues. (*Id.*) *See This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006) ("[T]he law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication."); *Alicea*, 855 F. App'x at 496 (stating a vacated decision is not binding for purposes of a subsequent decision, unless a district court remand order "explicitly or by necessary implication" bars re-litigation of certain issues) (internal quotations and alterations omitted). *Accord Arroyo v. Astrue,* 347 F. App'x 802, 804 (3d Cir. 2009) ("Having determined that *the District Court's earlier decision* did not resolve Arroyo's RFC, we conclude that the ALJ did not err on remand by reassessing Arroyo's RFC.") (emphasis supplied).

In sum, the ALJ followed this Court's remand order by eliciting clarifying testimony from the VE about time-off task limitations.

### B. The ALJ's Consideration of the Prior Administrative Medical Findings Followed the Applicable Regulations and had Substantial Evidentiary Support.

Plaintiff contends that the ALJ failed to properly consider limitations proposed by Dr. Pena and Dr. Reed, which she alleges established she would be "off-task up to two hours each workday." (Br. at 24-29). In opposition, the Commissioner argues that neither Dr. Pena nor Dr. Reed established that Plaintiff should be "off-task up to two hours each workday," but nevertheless, the ALJ adequately explained his consideration of their findings in his decision. (Opp'n at 17-20). The Court agrees.

It is not the Court's function to second-guess or substitute its judgment for that of the

9

factfinder ALJ, but rather to ensure, consistent with its limited, circumscribed role, that the findings are supported by substantial evidence in the record. *See Fargnoli*, 247 F.3d at 38. The Court finds the ALJ properly applied the correct legal framework when evaluating the persuasiveness of Dr. Pena and Dr. Reed's medical opinions, and appropriately incorporated the facts and opinions of each medical professional into his RFC analysis.

When making a disability determination, an ALJ must review and evaluate all medical opinions that are part of the record. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). It is the sole province of the ALJ to consider medical opinions, decide how persuasive each medical opinion is, and articulate the persuasiveness of each opinion as part of the written determination. *See Cooper v. Comm'r of Soc. Sec.*, 563 F. App'x 904, 913 (3d Cir. 2014) (citing 20 C.F.R. § 416.927). Before 2017, opinions by treating medical sources were automatically given more weight than those by non-treating sources, otherwise known as the "treating source rule." *See* 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s)."). For claims filed after March 27, 2017, like the instant matter, the regulations require the Commissioner to consider the following factors when evaluating all medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The regulations emphasize that "the most important factors" for the ALJ and Commissioner to consider when evaluating the persuasiveness of medical opinions are the factors of supportability and consistency. *Id.* at §§ 404.1520c(a), 416.920c(a). Accordingly, the regulations require the ALJ to "discuss supportability and consistency" when articulating his "consideration of medical opinions and prior administrative medical findings." *Lee Ann M. v. O'Malley*, No. 22-1104, 2024 WL 4184486, at *7 (D.N.J. Sept. 13, 2024) (internal quotation marks omitted). "Supportability" is "the extent to which the medical source's opinion is supported by relevant objective medical evidence and explanations presented by the medical source." *Carolyn N. v. Comm'r of Soc. Sec.*, No. 22-4957, 2023 WL 8271767, at *5 (D.N.J. Nov. 30, 2023) (internal quotation marks omitted). "Consistency" is "the extent to which the medical source's opinion is consistent with the record as a whole." *Id.* (internal quotation marks omitted).

Notably, when an ALJ evaluates a medical opinion, he is not required "to use particular language or adhere to a particular format in conducting his analysis." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett*, 220 F.3d at 119-20). Instead, the Court must "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Id.*

Upon thorough review of the administrative record, neither Dr. Pena nor Dr. Reed proposed specific time-off-task restrictions when they issued their findings. (R. at 99-101, 104-06, 115-17, 120-22). The ALJ accurately noted that despite noting limitations in sustaining concentration and persistence (*id.* at 105, 121), Dr. Pena and Dr. Reed both found Plaintiff had adequate ability to concentrate and maintain pace such that she retained the mental RFC to carry out simple and some complex tasks. (*Id.* at 106, 122, 2006-07). Accordingly, Plaintiff's assertion that the state agency experts found she would be "off-task up to two hours each workday" is without support in the

11

record.

Further, the ALJ "considered the medical opinions and prior administrative findings" and even though the ALJ did "not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical findings or medical opinions, including those from [Plaintiff's] medical sources, the [ALJ] . . . fully considered all the medical opinions and prior administrative medical findings in this case." (*Id.* at 2006). The ALJ found that Dr. Pena's and Dr. Reed's findings were "somewhat persuasive" under the applicable regulations (*Id.* at 2006-07). As to the "supportability factor," the ALJ explained that Dr. Pena's and Dr. Reed's findings were "supported by the consultants' detailed analyses" (R. 2007). *See* 20 C.F.R. § 416.920c(c)(1) (instructing that "the objective medical evidence and supporting explanations presented by a medical source" are considered for the supportability factor). Addressing the "consistency factor," the ALJ explained that their findings were "consistent with mental status examinations showing some difficulty with testing assessing concentration, but otherwise largely unremarkable functioning" (R. 2007). *See* 20 C.F.R. § 416.920c(c)(2) (instructing that medical opinions that are more consistent with "evidence from other medical sources and nonmedical sources" are more persuasive). The ALJ nevertheless explained that he gave some deference to Plaintiff's subjective complaints and included more restrictive limitations than those found by Dr. Pena and Dr. Reed by limiting her social interactions and including a time-off-task restriction (R. 2007).

The Court finds the ALJ adequately addressed the supportability and consistency factors. *See Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639 (3d Cir. Sept. 18, 2024) (noting that to satisfy the requirements for the supportability and consistency factors, "a judge need not reiterate the magic words 'support' and 'consistent' for each doctor[,]" as long as the judge "weave[s]

supportability and consistency throughout her analysis of which doctors were persuasive").

Plaintiff further contends that the ALJ was required to address every limitation mentioned on the forms completed by Dr. Pena and Dr. Reed (Br. at 28-29). However, the applicable regulation requires "[s]ource-level articulation[,]" which provides that ALJs "are not required to articulate how [they] considered each medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. § 416.920c(b)(1). The ALJ satisfied his obligations outlined in the regulations when evaluating the findings of Dr. Pena and Dr. Reed (R. 2006-07).

Plaintiff's reliance on *Devonte C. v. Kijakazi*, No. 21-141, 2023 WL 2808103 (D.N.J. Apr. 6, 2023), is misplaced (Br. at 23-24). In *Devonte*, the ALJ found a doctor's opinion stating the claimant had some "marked limitations" to be "somewhat persuasive." *Id.* at 8. The court found additional explanation about how the ALJ considered the doctor's opinion was critical because the marked limitations the doctor proposed were work-preclusive. *Id.* By contrast, here, the findings of Dr. Pena and Dr. Reed suggest no marked or otherwise work-preclusive mental limitations. (R. 99-101, 104-06, 115-17, 120-22).

Finally, Plaintiff's asserts that the ALJ was required to provide any citations to specific evidence in the record. (Br. at 22). The regulations reflect a "reasonable articulation standard," however, which "does not require written analysis about how [the ALJ] considered each piece of evidence[;]" rather, the decision need only "allow a subsequent reviewer . . . to trace the path of an adjudicator's reasoning." 82 Fed. Reg. 5844-01, at 5858. *Accord Jones*, 364 F.3d at 505 (explaining that an ALJ need only sufficiently explain her findings to permit meaningful review, without using particular language or adhering to a particular format). The ALJ's decision is "read as a whole." *Id.* Here, the ALJ discussed the relevant mental health treatment evidence in detail

13

and included numerous citations to record evidence. (*See* R. 2004-06).[7] Dr. Pena's and Dr. Reed's findings were compatible with the ALJ's determination that Plaintiff could perform simple work with limitations for time-off-task, social interaction, and work changes (*Id.* at 2001). Accordingly, the ALJ appropriately considered the findings of Dr. Pena and Dr. Reed and the Court declines to remand the action on this ground.

### C. The Court Finds Remand for Further Consideration of Plaintiff's Asthma and Anxiety is Unwarranted.

Finally, Plaintiff argues the ALJ committed legal error because he failed to properly evaluate her asthma and anxiety at steps two through five of the sequential evaluation. (Br. at 29-31). In opposition, the Commissioner contends Plaintiff has failed to demonstrate any error by the ALJ when finding Plaintiff was not disabled. (Opp'n at 20-24). The Court agrees.

Plaintiff, as the party challenging the agency's decision, bears the burden of showing harmfulness. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *Farmer v. Comm'r of Soc. Sec.*, No. 19-13437, 2020 WL 6620152, at *3 (D.N.J. Nov. 12, 2020) ("*Shinseki* teaches that it is Plaintiff who bears the burden of proof on appeal that the ALJ erred and that the error prejudiced him.").

Notably, Plaintiff did not identify asthma or anxiety as physical or mental conditions that limited her ability to work when she applied for benefits. (R. 220). Nevertheless, the ALJ expressly stated in his decision that he considered "all of [Plaintiff's] medically determinable impairments, including those that are not severe, when assessing [her] residual functional

---

[7] The Court notes this matter is distinguishable from other decisions from this District that Plaintiff points to. (*See* Br. at 27-28). In *Kelly L. v. Kijakazi*, No. 21-12328, 2023 WL 166680, at *7 (D.N.J. Jan. 12, 2023), and *Glenn W. v. Kijakazi*, No. 21-2724, 2023 WL 238823, at *6 (D.N.J. Jan. 18, 2023), the ALJs discounted certain medical opinions because they were not supported by the medical record without proper explanation. Here, the ALJ set forth his grounds for finding the Plaintiff's RFC and cited to not only medical evidence but also Plaintiff's subjective allegations. (R. 2001-07).

capacity" (*Id.* at 1999). As discussed *infra*, the Court does not need to remand this matter for further discussion of her asthma or anxiety.

### 1. Asthma

In his decision, the ALJ expressly considered Plaintiff's treatment records, where asthma was cited as one of her active problems. (*Id.* at 2003-04). The treatment records reveal that Plaintiff's chest and respiratory examinations were generally unremarkable, with equal breath sounds bilaterally and no rales, rhonci, or wheezes. (*See, e.g.*, *id.* at 986, 1062, 1118, 1168, 2788, 2817, 2880, 3130). The same records documented that Plaintiff was a daily tobacco user who smoked approximately 40 cigarettes per day. (*See, e.g.*, *id.* at 981, 1059, 1088, 3045, 3061, 3158).

As to Plaintiff's asthma, "[a] diagnosis alone . . . does not demonstrate disability." *Foley v. Comm'r of Soc. Sec.*, 349 F. App'x 805, 808 93d Cir. 2009) (citing *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990)); *see also Phillips v. Barnhart*, 91 F. App'x 775, 780 (3d Cir. 2004) ("("[The claimant's] argument incorrectly focuses on the diagnosis of an impairment rather than the functional limitations that result from that impairment. A diagnosis of impairment, by itself, does not establish entitlement to benefits under the Act"). Rather, Plaintiff must demonstrate a related functional loss. *Phillips*, 91 F. App'x at 780.

The Court finds Plaintiff has failed to demonstrate a related functional loss. Plaintiff cites to portions of the record that "document[] the resulting shortness of breath" from her asthma, but does not specify *any* work-related limitations that the ALJ should have included in his RFC finding. (Br. at 30). *See Moraes v. Colvin*, No. 14-3040, 2015 WL 4041141, at *6 (D.N.J. June 30, 2015) ("Plaintiff has the burden to prove that any undiscussed evidence would warrant additional limitations. . . . Plaintiff makes no argument to that effect."), *aff'd sub nom., Moraes v. Comm'r Soc. Sec.*, 645 F. App'x 182 (3d Cir. 2016); *Slader v. Comm'r of Soc. Sec.*, No. 19-10198

15

(ES), 2021 WL 141335, at *10 (D.N.J. Jan. 15, 2021) ("Without any attempt to explain why the record evidence mandates a different RFC, Plaintiff's efforts to point out flaws in the ALJ's decision are in vain.").

The Court further notes, as the Commissioner contends, that none of the jobs identified by the VE and relied on by the ALJ at step five of the sequential evaluation – lens inserter, addresser, and document preparer – require exposure to potential asthma triggers, such as atmospheric conditions, extreme temperatures, weather conditions, wetness and/or humidity, toxic caustic chemicals, or other environmental conditions (R. 2008, 2054). *See* DICOT 713.687-026 (G.P.O.), 1991 WL 679273 (Lens Inserter); DICOT 209.587-010 (G.P.O.), 1991 WL 671797 (Addresser); DICOT 249.587-018 (G.P.O.), 1991 WL 672349 (Document Preparer).

Accordingly, the Court declines to remand this matter for further consideration of Plaintiff's asthma.

### 2. Anxiety

As Plaintiff concedes (Br. at 30), the ALJ expressly discussed anxiety throughout the decision. (R. 2000-05). At step three of the sequential evaluation, the ALJ specifically considered the severity of Plaintiff's mental Impairments, both singly and in combination, at step three. (*Id.* at 2000-01). The ALJ acknowledged Plaintiff's diagnosis and treatment for anxiety, along with PTSD, bipolar disorder, and depression (*id.* at 2004), and discussed the overall mental health treatment evidence in detail, noting that Plaintiff experienced improved symptoms with treatment and mental status examinations produced largely normal findings. (*Id.* at 2004-06). The ALJ included mental limitations in the RFC finding, Plaintiff had (i) a mild limitation "[i]n understanding, remembering or applying information"; (ii) a moderate limitation in interacting with others; (iii) only incidental interaction with the general public and occasional interaction with

supervisors and co- workers; (iv) dealing with changes to essential job functions on an occasional basis; and (v) an ability to be off task for four minutes per 45 minutes (*Id.* at 2000-01).

Because the ALJ considered anxiety along with Plaintiff's other mental conditions when determining her RFC (*id.* at 2001-06), the Court finds there was no error. *See Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in [Plainitff's] favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."); *see also Orr v. Comm'r Soc. Sec.*, 805 F. App'x 85, 88 (3d Cir. 2020) ("Orr cannot overcome that fact: because the ALJ progressed to a later step, any error at Step Two would not alter the remainder of the five-step process, much less the overall outcome. And without more, Orr provides no valid basis for remand."); *Hicks v. Colvin*, No. 15-07221, 2016 WL 8674251, at *8 (D.N.J. Oct. 14, 2016) ("Even if the ALJ had in fact erred with respect to one of the impairments that she found to be non-severe, such error would be harmless since she found other impairments to be severe, engaged in the full five-step evaluation, and accounted for related possible limitations in her RFC finding.").

The ALJ considered all the mental health evidence and accounted for Plaintiff's credibly established mental limitations when assessing her RFC. Accordingly, remand for further consideration of anxiety at step two is not warranted.[8]

### IV. CONCLUSION

For the reasons set forth above, the Court **AFFIRMS** the Commissioner's decision. An appropriate Order accompanies this Opinion.

DATED: 5/22/2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge

---

[8] Further, because the Court finds that the ALJ properly concluded Plaintiff is not disabled, the Court denies Plaintiff's request to remand the case for the calculation and award of benefits. (Br. 20-24).